IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 13 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01399-LTB

KEITH RUSSELL JUDD,

    Plaintiff,

v.

SECRETARY OF STATE OF COLORADO, and
STATE OF COLORADO,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Keith Russell Judd, has filed *pro se* on July 11, 2011, a "Motion to Reopen and Stay Proceedings Pending Decision by Judicial Panel on Multidistrict Litigation No. 2276 to Transfer for Consolidated - Coordinated Proceedings Under 28 U.S.C. § 1407; Class Action Certification Pending" (Doc. #7). Mr. Judd asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on July 7, 2011. The Court must construe the motion to reconsider liberally because Mr. Judd is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Judd's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

The Court dismissed the instant action without prejudice because Mr. Judd failed to cure the deficiencies he was directed to cure in an order entered by Magistrate Judge Boyd N. Boland on June 1, 2011. Magistrate Judge Boland specifically directed Mr. Judd in the June 1 order to file a Prisoner Complaint on the proper form and either to pay the filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on the proper form. On June 16, 2011, Mr. Judd filed a document titled "Memorandum Brief in Support of Declaratory Judgment; Class Action," but he failed within the time allowed to file a Prisoner

Complaint and he failed either to pay the filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to § 1915.

Mr. Judd states in the motion to reconsider that the United States Judicial Panel on Multidistrict Litigation has set a briefing schedule on his motion to transfer various actions, including the instant action, to the United States District Court for the Western District of Arkansas. Mr. Judd also states that one of the issues involved is his request for a waiver of all filing fees. Mr. Judd does not address in the motion to reconsider his failure to file a pleading on the proper form as required by the Court's local rules or his failure to respond to the order directing him to cure the deficiencies in this action.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Judd fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion to Reopen and Stay Proceedings Pending Decision by Judicial Panel on Multidistrict Litigation No. 2276 to Transfer for Consolidated - Coordinated Proceedings Under 28 U.S.C. § 1407; Class Action Certification Pending" (Doc. #7) filed on July 11, 2011, is denied.

DATED at Denver, Colorado, this 13th day of July, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01399-BNB

Keith Russell Judd
Reg No. 11593-051
FCI Texarkana
P.O. Box 7000
Texarkana, TX 75505

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 13, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk